# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Julie Zhu,**
**Defendant Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 18-0031** (Berkeley County 16-C-427)

**Brook Shoemaker (Kline),**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Julie Zhu, pro se, appeals the December 19, 2017, order of the Circuit Court of Berkeley County entering judgment in favor of Respondent Brook Shoemaker (Kline) following a jury trial for $40,000, plus prejudgment interest in the amount of $2,627.40, and post-judgment interest at 7% per annum from December 5, 2017, until fully paid. Respondent, by counsel Matthew A. Jividen, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 5, 2015, the parties entered into an agreement under which petitioner leased to respondent a manufactured home located at 567 Jeffrey Hatison Road, Hedgesville, West Virginia. During the early morning hours of January 21, 2016, the home was destroyed by a fire. Respondent and her family escaped without injury. On August 10, 2016, respondent filed an action against petitioner asserting breach of the implied warranty of habitability and negligence. Respondent alleged that the home had no heat and that petitioner encouraged her to use the fireplace as a substitute heat source without "disclos[ing] known hazards with the fireplace and chimney." Respondent asked to be compensated for the damages she suffered "as a result of [petitioner]'s [n]egligence and breach of the [i]mplied [w]arranty of [h]abitability," to be repaid her security deposit and all rent payments made by her, and to be awarded punitive damages for petitioner's "reckless and wanton behavior" that endangered respondent and her family. Petitioner filed an answer on August 24, 2016, disputing respondent's allegations and asserting that respondent negligently caused the fire that resulted in the total loss of the home.

The matter came to trial on December 5, 2017.[1] During respondent's case-in-chief, respondent "presented witnesses and evidence," including the testimony of herself, a neighbor, and one of the firefighters who put out the fire. After respondent rested her case, petitioner presented her case-in-chief, "which consisted of evidence and her own testimony." Respondent then testified as a rebuttal witness. After the close of all evidence, the circuit court denied respondent's motion for judgment as a matter of law. Subsequently, the circuit court instructed the jury as to the law applicable to the case and the parties presented their closing arguments. The jury then deliberated and returned a verdict in respondent's favor, finding that respondent did not cause any damages to petitioner and awarding respondent $20,000 for damages caused by petitioner. The jury further awarded respondent $20,000 in punitive damages. By order entered December 19, 2017, the circuit court rendered judgment in respondent's favor in the total amount of $40,000, plus prejudgment interest in the amount of $2,627.40, and post-judgment interest at 7% per annum from December 5, 2017, until fully paid. Petitioner appealed the circuit court's December 19, 2017, order on January 16, 2018, but did not request the preparation of the trial transcripts for inclusion in the appellate record.

Petitioner now appeals the jury's verdict in respondent's favor. In Syllabus Point 2 of *Karpacs-Brown v. Murthy*, 224 W.Va. 516, 686 S.E.2d 746 (2009), we held:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

(Internal quotations and citations omitted.).

Preliminarily, we address whether petitioner has waived several of her assignments of error because she raises them for the first time on appeal. "As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 1, *W.Va. Dept. of Health & Human Res. Empl. Fed. Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004) (Internal quotations and citations omitted.). Respondent argues that petitioner failed to object to various procedural and/or evidentiary rulings by the circuit court that: (1) struck jurors to produce a jury of six persons (plus one alternate) after petitioner declined to exercise her preemptory strikes; (2) allowed another firefighter who was at the scene to testify during respondent's case-in-chief given the unavailability of the former fire chief due to retirement; (3) allowed respondent to introduce only part of the parties' text messages; and (4) allegedly failed to accommodate petitioner's status as an English-as-a-second-language speaker. Respondent further argues that the appellate record is not adequate for this Court to determine whether petitioner made the necessary objections. Rule 10(c)(7) of the West Virginia Rules of

---

[1]Respondent states that the litigation between the parties was "protracted."

Appellate Procedure provides, in pertinent part, that "[petitioner's] argument must contain appropriate and specific citations to the record on appeal, *including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal*." (Emphasis added.). Here, petitioner did not request the preparation of the trial transcripts for inclusion in the appellate record. Therefore, pursuant to Rule 10(c)(7), we disregard those assignments of error that petitioner cannot show that she raised before the circuit court.

Petitioner's remaining arguments amount to a request that we reweigh the evidence presented to the jury. "[A]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Without the trial transcripts, we find that the circuit court's December 19, 2017, order and timekeeping notes reflect that respondent "presented witnesses and evidence," petitioner presented "evidence and her own testimony," and the court subsequently allowed the case to go to the jury by denying respondent's motion for judgment as a matter of law. Given the deference owed to the finder of fact, and based on the limited record before us, we find no cause to disturb the jury's verdict with regard to either liability or the amount of damages awarded. Accordingly, we conclude that the circuit court did not err in entering judgment consistent with the jury's verdict.

For the foregoing reasons, we affirm the circuit court's December 19, 2017, order entering judgment in respondent's favor in the total amount of $40,000, plus prejudgment interest in the amount of $2,627.40, and post-judgment interest at 7% per annum from December 5, 2017, until fully paid.

Affirmed.

**ISSUED**:   June 17, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison